DISSENTING OPINION BY SENIOR JUDGE PELLEGRINI The majority holds that Exeter Township (Township) was not required to follow the general rule that to exclude the Exeter Township Zoning Officer/Assistant Code Enforcement Officer (Zoning Officer) from a bargaining unit as a “management level employee”- evidence of actual job duties had to be offered. The majority did so because it found that the Zoning Officer was made a “management level employee” by Section 614 of the Pennsylvania Municipalities Planning Code (MPC).[1] I agree that if a statute provides that a position is not part of the bargaining unit or defines the position’s duties as managerial in nature, then the position is excluded from the bargaining unit. I dissent because the description of the job duties contained in Section 614 of the MPC does not make the position automatically a management level employee. In 1994, the Board certified a bargaining unit for collective bargaining under the Public Employe Relations Act[2] (PERA). Since that time,- the Zoning Officer has been part of the bargaining unit. In March 2016, the Township filed with the Board a request for unit clarification seeking to exclude certain positions from the collective bargaining unit, including the Zoning Officer position,[3] because they were management level employees. There is no dispute that for a position to be removed from a bargaining unit, the general rule is that substantial evidence of actual job duties is necessary to determine if a position should be excluded from a collective bargaining unit. Westmoreland County v. Pennsylvania Labor Relations Board, 991 A.2d 976 (Pa. Cmwlth. 2010). There is also no dispute that the Township did not offer any competent evidence at the unit clarification hearing as to the ae-tual duties performed by a Zoning Officer in the Township. Instead, the Township contended that Section 614 of the MPC provided that the Zoning Officer was statutorily excluded from the bargaining unit because that provision described job duties that made it a management position. Section 301(16) of PERA defines the term “management level employe[e]” as “any individual who is involved directly in the determination of policy or who responsibly directs the implementation thereof and shall include all employe[e]s above the first level of supervision.” 43 P.S. § 1101.301(16). To be excluded from a bargaining unit as a “management level employe[e]” who responsibly directs the implementation of policy, the employee “must either engage in meaningful participation in the development of the employer’s policy or must ensure fulfillment of that policy by concrete measures.” Westmoreland County, 991 A.2d at 985-86. Because Section 614 of the MPC does not specifically exclude a Zoning Officer from the bargaining unit, the question then is whether that section describes the Zoning Officer’s position as' someone who meaningfully participates in the development of the employer’s policy or ensures fulfillment of that policy by concrete measures necessary to be a management level employee. An examination of that provision shows that it does not. Section 614 of the MPC provides that a Zoning Officer: [S]hall administer the zoning ordinance in accordance with its literal terms, and shall not have the power tó permit any construction1 or any use or change of use which does not conform to the zoning ordinance. Zoning officers may be authorized to institute civil enforcement proceedings as a means of enforcement when acting within the scope of their employment. 53 P.S. § 10614. As can be seen, all that the provision expresses is what a zoning officer cannot do and what he or she may be authorized to do. It does not give the zoning officer any independent discretion to determine policy. All that Section 614 provides is that he or she shall administer the terms of a zoning ordinance in compliance “with its literal terms,” arid 'shall not have the power to vary the terms of the zoning ordinance. 53 P.S. § 10614. To fill in its argument, the rnajority also points to Section 390-82(B) of the Township’s Zoning Ordinance, which provides, in relevant part, the duties of the Zoning Officer as follows: It shall be the duty of the Zoning Officer to enforce the provisions of [the Zoning Ordinance] .., and the Zoning Officer shall have such duties and powers as are conferred [by the Zoning Ordinance]. (Reproduced Record (R.R.) at 151a.)[4] "While the Zoning Ordinance describes in detail the job duties of the Zoning Officer, because it is within the Township’s control to both write and change its terms as it sees fit, it is nothing more than a more formal job description. Like all job descriptions, it requires corroborative evidence that the actual duties ■ match that description. As we stated in Westmoreland County: In determining supervisory status, Section 604(5) of PERA authorizes the Board to “take into consideration the extent to which supervisory and nonsu-pervisory functions are performed.” ... It is therefore appropriate for the Board to consider such factors as frequency, duration and importance of the various supervisory duties performed. ... Moreover, job titles, such as supervisor or manager, are not sufficient to overcome the actual duties performed as evidence of being a supervisor under PERA.... (Emphasis added). 991 A.2d at 980. Because Section 614 of the MPC does not set forth in any detail the actual job duties of a zoning officer, the general rule that there'be evidence of actual job duties is necessary for the Board to determine whether the position is a “management level” under PERA and must be followed. Accordingly, because I would affirm the Board, I respectfully dissent. . Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10614. . Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §§ 1101.101-1101.2301. .The Proposed Order of Unit Clarification also requested that the Board remove the Building Code Official and Code Enforce-menf/Assistant Zoning Officer positions from the collective bargaining unit because they were managerial in nature. The Board granted that request because evidence of the actual job duties for those positions was provided and, therefore, those positions are not before us on appeal. . These powers include, among other things: • Receiving] applications for zoning and/or building and sign permits and issuing] zoning and/or sign permits as set forth in [the Zoning Ordinance] ... • ' Makfing] inspections as required to fulfill the duties of the Zoning Officer ... • Issufing] permits for buildings, structures and land uses for which' subdivision and land development approval is required only after all necessary approvals have been secured and plans recorded ... • Serving] a notice of violation on any person, firm, corporation, partnership or other entity responsible for violating any of the provisions of [the Zoning Ordinance], or any amendment thereto, or in violation of a statement or a plan approved under [the Zoning Ordinance]. ■ (R.R. at 151a.)